UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK MAYES,

    Plaintiff,

 v.

AMAZON, et al.,

    Defendants.

CASE NO. C18-176 MJP

ORDER ON MOTIONS

The Court, having received and reviewed:

1. Plaintiff's Application for Court-Appointed Counsel (Dkt. No. 10),

2. Plaintiff's Motion for Court to Serve Summons (Dkt. No. 11),

and relevant portions of the record, rules as follows:

IT IS ORDERED that Plaintiff's Application for Court-Appointed Counsel is GRANTED and his matter is referred to the Pro Bono Screening Panel to ascertain if there are available counsel.

1   IT IS FURTHER ORDERED that Plaintiff's Motion for Court to Serve Summons is
2   STAYED, pending the results of the referral of his case to the Pro Bono Screening Panel.

**Discussion**

Generally, a person has no right to counsel in civil actions. See Campbell v. Burt, 141 F.3d 927, 931 (9th Cir. 1998). A court has discretion to appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1), but an appointment of counsel should only be granted under "exceptional circumstances." Agyeman v. Corrections Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Pursuant to 42 U.S.C. § 2000e-5(f)(1), "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security." In deciding whether to appoint counsel in a Title VII case, the court assesses the applicant's financial resources, efforts the applicant has already made to secure counsel, and whether the claim has merit. *Bradshaw v. Zoological Society of San Diego*, 662 F.2d 1301 (9th Cir. 1981).

The Court makes no finding regarding the likelihood of Plaintiff's success on the merits beyond observing that he has stated a colorable claim. Having qualified for *in forma pauperis* status (*see* Dkt. No. 3), it is apparent that Plaintiff does not have the resources to procure counsel on his own, although Plaintiffs application does list several legal agencies he contacted in an

attempt to retain an attorney. (Dkt. No. 10 at 2.) The Court is satisfied that it is just under the circumstances to appoint counsel to represent Plaintiff in this case. Wherefore,

IT IS ORDERED that this matter is referred to the Pro Bono Screening Panel to ascertain if there is an attorney available and willing to take up representation of Plaintiff.

IT IS FURTHER ORDERED that Plaintiff's Motion for Court to Serve Summons is STAYED until such time as counsel is appointed to represent him.

The Clerk is direct to send a copy of this Order to Plaintiff and to the Pro Bono Panel.

Dated: April 3, 2018.

The Honorable Marsha J. Pechman
United States Senior District Court Judge