UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK MAYES,

        Plaintiff,

v.

AMAZON.COM.DEDC LLC,

        Defendant.

CASE NO. C18-176 MJP

ORDER ON PARTIAL MOTION TO DISMISS

The above-entitled Court, having received and reviewed:

1. Defendant Amazon.com.dedc LLC's Partial Motion to Dismiss Plaintiff's Amended Complaint (Dkt. No. 21),

2. Plaintiff's Opposition to Defendant Partial Motion to Dismiss Amended Complaint (Dkt. No. 32 and 34),

3. Defendant Amazon.com.dedc LLC's Reply in Support of Its Partial Motion to Dismiss Plaintiff's Amended Complaint (Dkt. No. 35),

all attached declarations and exhibits, and relevant portions of the record, rules as follows:

1    IT IS ORDERED that the motion is GRANTED; Plaintiff's claims for Title VII national

2 origin discrimination and ADA disability discrimination are DISMISSED with prejudice.

**Discussion**

**A. Legal Standard**

Faced with a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the complaint alleges facts sufficient "to state a claim for relief that is plausible on its face." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). A court reviewing a motion to dismiss must accept all facts alleged in the complaint as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Ordinarily, a Court may only consider the pleadings in ruling on a 12(b)(6) motion. However, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002). With this in mind, the Court takes judicial notice of Plaintiff's public EEOC documents in reaching its decision on this motion.

**B. Partial motion to dismiss**

Plaintiff's amended complaint includes claims for relief under the Americans with Disabilities Act ("ADA") and under both Title VII and Section 1981 for disparate treatment, hostile work environment and discrimination based on national origin. (Dkt. No. 19, ¶¶ 19-23.) The Court has no jurisdiction over ADA claims unless a plaintiff has first exhausted all

administrative remedies. EEOC v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir. 1994). Also, a plaintiff cannot sue under Title VII without first filing a charge with the agency charged with oversight (in this case, the EEOC). Surell v. Cal. Water Service Co., 518 F.3d 1097, 1104 (9th Cir. 2008)(citing 42 U.S.C. § 2000e-5(e)(1)).

In the EEOC "Charge Form" (the formal prerequisite to filing a lawsuit under Title VII), Plaintiff did not check either of the boxes labeled "National Origin" or "Disability" in the "Discrimination Based On" portion of the form. Nor, in the "Particulars" section of that form, did he make any mention of discriminatory conduct based on national origin or disability. (Dkt. No. 22, Ex. A.) The result of this omission is unavoidable:

> Allegations of discrimination not included in the plaintiff's administrative charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge.

B.K.B. v. Maui Police Dept, 276 F.3d 1091, 1100 (9th Cir. 2002). Plaintiff's allegations concerning discrimination based on national origin and disability are not "like or reasonably related to" his allegations of racial discrimination and retaliation. Therefore, the Court cannot consider them.

Defendant's motion will be GRANTED: Plaintiff's Title VII national original discrimination claim and ADA disability discrimination claim will be DISMISSED with prejudice.

The clerk is ordered to provide copies of this order to Plaintiff and to all counsel.

Dated October 23, 2018.

*[signature]*

The Honorable Marsha J. Pechman
United States Senior District Court Judge